UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SERGE HIDEN,** | § | |
| **TDCJ No. 02224223,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Lead Case:  Civil No. SA-22-CA-0532-XR** |
| | § | **Civil No. SA-22-CA-0533-XR** |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Serge Hiden's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), wherein Petitioner challenges the constitutionality of his 2018 state court convictions for aggravated assault with a deadly weapon and unlawful possession of a firearm.  Also before the Court are Petitioner's supplemental memorandum in support (ECF No. 1-1), Respondent Bobby Lumpkin's Answer (ECF No. 8), and Petitioner's Reply (ECF No. 10) thereto.

Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* 28 U.S.C. § 2254(d).  Petitioner is also denied a certificate of appealability.

**I.  Background**

In August 2018, a Bexar County jury found Petitioner guilty of two counts of aggravated assault with a deadly weapon and one count of unlawful possession of a firearm by a felon.  *State v. Hiden*, Nos. 2017CR10972 and 2017CR10973 (379th Dist. Ct., Bexar Cnty., Tex. Sept. 14,

2018); (ECF Nos. 9-17 at 67-68, 9-37 at 53-56).  Following a separate punishment hearing, the trial court sentenced Petitioner to twenty-five years of imprisonment on the two aggravated assault charges and ten years of imprisonment on the unlawful possession charge, with each of the sentences to run concurrently.  *Id.*

The Texas Fourth Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished opinion on direct appeal.  *Hiden v. State*, Nos. 04-18-00701-CR and 04-18-00702-CR, 2020 WL 214760 (Tex. App.—San Antonio, Jan. 15, 2020, pet. ref'd); (ECF No. 9-19).  The Texas Court of Criminal Appeals then refused his petitions for discretionary review.  *Hiden v. State*, Nos. 0111-20 and 0112-20 (Tex. Crim. App. June 17, 2020).  Thereafter, Petitioner challenged the constitutionality of his convictions by filing two applications for state habeas corpus relief.  *Ex parte Hiden*, Nos. 93,038-01 and -02 (Tex. Crim. App.); (ECF Nos. 9-49 at 4-23, 9-59 at 4-23).  Based, in part, on the findings of the state habeas trial court, the Texas Court of Criminal Appeals eventually denied the applications without written order.  (ECF Nos. 9-48, 9-58).

Petitioner initiated the instant proceedings by filing two petitions for federal habeas relief on May 25, 2022.[1]  (ECF No. 1).  In both petitions, Petitioner argues that his trial counsel rendered ineffective assistance for failing to: (1) challenge the authenticity of surveillance video presented at trial, (2) investigate or present Klarissa Martinez as a witness, (3) timely move to sever the possession of a firearm charge from the aggravated assault charges, (4) investigate and object to the State's defective indictment, and (5) request a jury instruction on the lesser-included offense of deadly conduct.

## II.  Standard of Review

---

[1]      Petitioner originally filed one petition challenging his state court aggravated assault convictions, and filed a separate petition challenging his state court conviction for unlawful possession of a firearm, resulting to two separate cases before the Court.  Because the two petitions were identical and involved common questions of law and fact, the Court consolidated these cases in July 2022.  (ECF No. 6).

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA.  28 U.S.C.A. § 2254.  Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous.  *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).  Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself.  *Richter*, 562 U.S. at 102.  Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold."  *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief.  *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  In

other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. <u>Analysis</u>

#### A. <u>Exhaustion and Procedural Default</u>

Petitioner raises numerous ineffective-assistance-of-trial-counsel (IATC) claims arguing that his trial counsel's performance violated his Sixth Amendment right to counsel. In his second allegation (Claim 2), Petitioner contends that counsel failed to adequately investigate or present Klarissa Martinez as a witness for the defense. In response, Respondent contends that this allegation is unexhausted and procedurally barred from federal habeas corpus relief because Petitioner did not raise it during his direct appeal or state habeas proceedings. Respondent is correct.

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner. *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals, and a prisoner must present the substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or an application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.07.

*Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

In this case, the record confirms that Petitioner did not properly present this IATC allegation to Texas Court of Criminal Appeals in either a state habeas corpus application or his petition for discretionary review.  Although Petitioner made a brief reference in his state habeas application to counsel being unprepared, Petitioner made no mention of Klarissa Martinez or of counsel's alleged failure to investigate and present witnesses on his behalf.  Because this allegation (Claim 2) is being presented for the first time in this federal habeas proceeding, it is unexhausted under § 2254(b).

Further, should this Court now require Petitioner to return to state court to satisfy the exhaustion requirement, the Texas Court of Criminal Appeals would find the claim procedurally barred under the abuse of the writ doctrine found in Article 11.07 § 4 of the Texas Code of Criminal Procedure since Petitioner already challenged his conviction in a previous state habeas application. Because Texas would likely bar another habeas corpus application by Petitioner regarding this conviction, he has committed a procedural default that is sufficient to bar federal habeas corpus review.  *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (finding a procedural default occurs "when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.") (citation and internal quotation marks omitted); *see also Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (same).

Consequently, Petitioner is precluded from federal habeas relief on Claim 2 unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004).  But Petitioner does not argue that cause and prejudice should excuse the default, nor does he demonstrate that the Court's denial of the claims will result in a "fundamental miscarriage of justice."  Thus, circuit precedent compels the denial of Petitioner's unexhausted claim as procedurally defaulted.

**B.** **The Remaining IATC Claims**

Petitioner raises several more allegations that he was denied the right to effective assistance of counsel by his attorney at trial, Ruperto Garcia.  Specifically, Petitioner contends that counsel failed to (1) challenge the authenticity of video presented at trial, (2) timely move to sever the charges, (3) investigate and object to the State's defective indictment, and (5) request a lesser-included offense instruction.

These allegations were raised during Petitioner's state habeas proceedings and rejected by the Texas Court of Criminal Appeals.  As discussed below, Petitioner fails to demonstrate the state court's rejection of the allegations was either contrary to, or an unreasonable application of, Supreme Court precedent.

1.   The *Strickland* Standard

Sixth Amendment IATC claims are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense.  466 U.S. at 687-88, 690.

According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not

whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

    2.    <u>The Surveillance Video</u> (Claim 1)

Petitioner first alleges that counsel was ineffective for failing to challenge the authenticity of surveillance video presented by the State at trial.  According to Petitioner, counsel failed to review the original video from Petitioner's surveillance system, which revealed aggressive actions by the two victims.  As a result, counsel failed to object when the State presented an allegedly poor reproduction of the video which contained no sound, was of poor quality, and was sped up.

Petitioner raised this allegation during his state habeas proceedings.  In response, trial counsel submitted an affidavit wherein he addressed Petitioner's allegation:

> Counsel avers that although he had provided a pen and notebook for [Petitioner] to be able to communicate with counsel during trial at no time did [Petitioner] bring to the attention of counsel in writing or by leaning over to speak and bring up the idea that there was anything on screen that was "different than the original copy" of [Petitioner]'s security surveillance video.  Furthermore, counsel himself had reviewed each of the videos provided by the state and obtained from [Petitioner]'s surveillance system.  Counsel did not observe any difference from the video presented during trial and his surveillance system.  Although there were occasional problems with the flow of the videos that had to be stopped and replayed once corrected the state was able to clearly continue with the presentation.

 (ECF No. 9-54 at 32).

The state habeas trial court found trial counsel's affidavit truthful and credible and concluded that "[Petitioner] was not denied his Sixth Amendment right to effective assistance of counsel." *Id*. at 47.  These findings and conclusions were adopted by the Texas Court of Criminal Appeals when it denied Petitioner's state habeas application.  (ECF No. 9-48).  These determinations, including the trial court's credibility findings and implied finding that counsel's investigation was reasonable, are entitled to a presumption of correctness unless they lack fair

support in the record. *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013).

Petitioner fails to show that the state court's ruling on trial counsel's performance was contrary to, or involved an unreasonable application of *Strickland* or that it was an unreasonable determination of the facts based on the evidence in the record. *Strickland* requires counsel to undertake a reasonable investigation. 466 U.S. at 690-91; *Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013). Counsel must, at minimum, interview potential witnesses and make an independent investigation of the facts and circumstances of the case. *Kately v. Cain*, 704 F.3d 356, 361 (5th Cir. 2013). But in assessing the reasonableness of counsel's investigation, a heavy measure of deference is applied to counsel's judgments, and is weighed in light of the defendant's own statements and actions. *Strickland*, 466 U.S. at 691.

In this case, trial counsel's affidavit explained that counsel reviewed the original video from Petitioner's surveillance system—which was in the possession of the State and provided to him—and that he did not observe any notable difference between that video and the one the State presented at trial. While Petitioner appears to contend that the copy provided by the State was not the original video, he provides no evidence that supports this conclusion.[2] Thus, any objection by counsel would likely have been futile, and counsel's performance cannot be considered deficient or prejudicial for failing to raise a non-meritorious argument. *See Miller v. Thaler*, 714 F.3d 897, 904 n.6 (5th Cir. 2013) (counsel is not required to make futile motions or objections); *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012) ("the failure to lodge futile objections does not qualify as ineffective assistance") (quoting *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)).

---

[2] During his state habeas proceedings, Petitioner provided the court with numerous still photographs taken from the video submitted by the State at trial. The relevance of these photos is dubious, however, as it is unclear how they somehow demonstrate the existence of a different video that counsel failed to review.

Petitioner has provided no persuasive argument rebutting counsel's affidavit, much less demonstrated that the state court's rejection of this allegation was unreasonable under *Strickland*. Consequently, given the deference afforded state court determinations on federal habeas review, relief is denied. *Richter*, 562 U.S. at 103.

    3.   <u>Severance</u> (Claim 3)

Petitioner was charged by indictment with two counts of aggravated assault with a deadly weapon in cause number 2017CR10972 and charged in a separate indictment with one count of unlawful possession of a firearm by a felon in cause number 2017CR10973.  (ECF Nos. 9-17 at 3, 9-36 at 21).  Prior to trial, the trial court granted the State's motion for consolidation and combined the two cases into a single cause of action.  (ECF No. 9-36 at 22-25).  A few months later, counsel filed a motion to sever the offenses, but then waived the motion the very next day.  *Id.* at 47-49. Petitioner now contends that counsel's waiver of his right to sever the charges constitutes ineffective assistance.

Under Texas law, a joinder of prosecutions for two or more offenses is permitted if the offenses arise out of the same criminal episode.  *See* Tex. Penal Code § 3.02(a) (providing that a defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode).  As correctly noted by Petitioner, however, a defendant is entitled to a severance of the offenses if he requests one prior to trial.  *Id.* § 3.04(a); *see also Coleman v. State*, 788 S.W.2d 369, 371 (Tex. Crim. App. 1990) (when a defendant timely requests a severance under section 3.04(a), his right to a severance is absolute and the severance is mandatory).  This mandatory severance rule is rooted in concerns that a jury may (1) convict a "bad man" who deserves to be punished because of his other misdeeds, or (2) infer that because a defendant committed other

crimes, he probably committed the crime charged.  *Llamas v. State*, 12 S.W.3d 469, 471-72 (Tex. Crim. App. 2000) (citation omitted).

During his state habeas proceedings, Petitioner argued that counsel's waiver of his right to sever was prejudicial because it allowed the jury to hear evidence that Petitioner was a felon, a necessary element of the unlawful possession of a firearm charge.  In response, counsel indicated that he discussed waiving the motion for severance with Petitioner and that Petitioner ultimately agreed.  (ECF No. 9-54 at 36).  As with the previous IATC allegation, the state habeas trial court found trial counsel's affidavit to be credible and concluded that Petitioner failed to prove that counsel was ineffective under the *Strickland* standard.  *Id*. at 46-47.  The Texas Court of Criminal Appeals then adopted these findings and conclusions.  (ECF No. 9-48).

Petitioner fails to show that the state court's ruling was an unreasonable application of *Strickland* or an unreasonable determination of the facts based on the evidence in the record. Under *Strickland*, trial counsel have broad discretion when it comes to deciding how best to proceed strategically.  *See Ward v. Stephens*, 777 F.3d 250, 264 (5th Cir. 2015) (the Supreme Court has emphasized counsel has "wide latitude in deciding how best to represent a client").  Indeed, a "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."  *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). On federal habeas review, this Court is mindful that "*Strickland* does not allow second guessing of trial strategy and must be applied with keen awareness that this is an after-the-fact inquiry." *Granados v. Quarterman*, 455 F.3d 529, 534 (5th Cir. 2006).

Here, counsel stated that he discussed the reasons for waiving the motion for severance with Petitioner and that Petitioner agreed with his assessment.  While counsel did not specify these

11

reasons in his affidavit, he could reasonably have concluded that the risk of Petitioner being convicted in two separate trials—and thus potentially facing stacked sentences—outweighed any concerns about holding a joint trial. *See* Tex. Code Crim. Proc. Art. 42.08(a) (trial court has discretion to impose cumulative or concurrent sentences when defendant convicted in two or more cases); Tex. Penal Code § 3.02(b) (same). By trying all of the charges in one case, counsel insured that Petitioner could only receive concurrent sentences if convicted.

Petitioner has provided no persuasive argument rebutting counsel's affidavit, much less demonstrated that the state court's ruling on trial counsel's investigation and strategy "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Consequently, given the deference afforded state court determinations on federal habeas review, relief is denied.

4.    The Indictment (Claim 4)

Petitioner alleges in Ground 4 that his trial counsel was ineffective because he failed to discover and challenge alleged defects in the indictment. Specifically, Petitioner argues the indictment was defective because it charged him with causing "bodily injury" instead of "serious bodily injury" as the aggravated assault statute reads. (ECF No. 9-36 at 21); *see* Tex. Penal Code § 22.02(a)(1). Petitioner also faults counsel for not objecting when the trial court instructed the jury that Petitioner was charged with using "or" exhibiting a firearm, whereas the indictment charged Petitioner with using "and" exhibiting a firearm.

Defense counsel did not discover and object to alleged defects in the indictment because there were no defects to which counsel could legitimately have objected. Under Texas law, a defendant commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." Tex. Penal Code § 22.01(a)(1). An offense becomes aggravated assault when the

defendant either (1) "causes serious bodily injury to another," or (2) "uses or exhibits a deadly weapon during the commission of the assault." Tex. Penal Code § 22.02(a). Here, the indictment charged that Petitioner "intentionally, knowingly, and recklessly caus[ed] bodily injury" to the victim while using and exhibiting a deadly weapon. (ECF No. 9-36 at 21). Contrary to Petitioner's belief, there was no need to allege that Petitioner caused "serious bodily injury" because he was already charged with using or exhibiting a deadly weapon while committing the assault. Because the indictment contained a plain and concise statement of the essential facts and elements for the crime of aggravated assault, Petitioner fails to demonstrate that it was insufficient in any way. *See McKay v. Collins*, 12 F.3d 66, 69 (5th Cir. 1994) ("An indictment should be found sufficient unless no reasonable construction of the indictment would charge the offense for which the defendant has been convicted.").

Petitioner's challenge to the trial court's jury charge meets the same fate. Petitioner contends that counsel should have objected when the trial court instructed the jury to find Petitioner guilty if he used "or" exhibited the firearm—which is correct under the aggravated assault statute—despite the fact that the indictment charged him with using "and" exhibiting a firearm. Again, the Court does not believe such a technical defect in the indictment demonstrates that the indictment was insufficient to charge Petitioner with aggravated assault. *McKay*, 12 F.3d at 69. In any event, Texas law allows a trial court to announce the charges to the jury in the disjunctive even though the indictment alleges differing methods of committing the offense in the conjunctive. *Kitchens v. State,* 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

Given the absence of defects in the indictment or jury charge, Petitioner has proven neither deficiency nor prejudice in counsel's failure to object, as counsel is not required to file futile or meritless motions. *Evans v. Davis*, 875 F.3d 210, 218 (5th Cir. 2017) (finding counsel is not

deficient for failing to make meritless motions); *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012) (same).  Accordingly, the state court reasonably concluded that Petitioner's IATC claim failed under the standards set forth in *Strickland*.  Relief is therefore denied.

  5.  <u>Lesser-included Offense Instruction</u> (Claim 5)

  In his last IATC claim, Petitioner contends that counsel was ineffective for failing to request an instruction on the lesser-included offense of deadly conduct under Texas Penal Code § 22.05.  According to Petitioner, there was evidence before the jury that could have led them to conclude that Petitioner's conduct was reckless—the culpable mental state required to establish deadly conduct—but was not intentional or knowing as required to establish aggravated assault. As discussed below, the state court did not unreasonably apply *Strickland* in rejecting this claim.

  Under Texas law, to determine whether a defendant is entitled to an instruction on a lesser-included offense, the defendant must satisfy a two-part test.  *Richards v. Quarterman*, 566 F.3d 553, 568 (5th Cir. 2009).  First, the lesser-included offense must be "within the proof necessary to establish the offense charged."  *Id*.  Second, "there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense."  *Id*.  Only if there is sufficient evidence of the lesser-included offense to allow a rational jury to conclude that, if the defendant is guilty, he is guilty of only the lesser offense, is a lesser-included offense instruction appropriate.  *See Cavazos v. State*, 382 S.W.2d 377, 380 (Tex. Crim. App. 2012).

  It is undisputed that deadly conduct can be considered a lesser-included offense of aggravated assault with a deadly weapon under Texas law.  *See Ford v. State*, 38 S.W.3d 836, 846 (Tex. App. 2001) (concluding that deadly conduct under Texas Penal Code § 22.05(a) is a lesser-included offense of aggravated assault under Texas Penal Code § 22.02(a)(2)).  However, Petitioner must satisfy both of Texas' requirements to be entitled to a lesser-included offense

instruction. In order to meet the second requirement, Petitioner must show that the record contains some evidence that would permit a jury rationally to find that if Petitioner is guilty, he is guilty *only* of the lesser offense. *Richards*, 566 F.3d at 568; *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007).

Petitioner has not identified any evidence that supports a finding that he was guilty only of deadly conduct. While Petitioner cites his own testimony that he was acting in self-defense and never intended to cause serious bodily injury to any of the victims, Petitioner also admitted during his testimony that he pistol-whipped one of the victims. (ECF No. 9-8 at 239). Such testimony does not exclusively support a deadly conduct charge—it also strongly supports the charge of aggravated assault with a deadly weapon. Because Petitioner has not identified any evidence that supports a finding that he was guilty only of deadly conduct, a lesser-included offense instruction was not warranted, and counsel cannot be considered ineffective for failing to request an unwarranted jury instruction. *See Miller*, 714 F.3d at 904 n.6 (counsel is not required to make futile motions or objections).

Regardless, as discussed by counsel during Petitioner's state habeas proceedings, it was a strategic decision to forgo requesting a lesser-included offense instruction and to focus instead on establishing that Petitioner had acted in self-defense. (ECF No. 9-54 at 36). Such choices, made after a thorough investigation of the law and facts relevant to plausible options, are virtually unchallengeable. *Strickland*, 466 U.S. at 673, 690; *Ward*, 777 F.3d at 264 (noting the Supreme Court has emphasized counsel has "wide latitude in deciding how best to represent a client."). This is particularly so when a potential strategy carries "double-edged" consequences, such as counsel's tactical decision to forego a lesser-included offense instruction to which his client may otherwise

be entitled.  *Mejia v. Davis*, 906 F.3d 307, 316 (5th Cir. 2018) (quoting *St. Aubin v. Quarterman*, 470 F.3d 1096, 1103 (5th Cir. 2006)).

Here, trial counsel's affidavit—adopted by the state habeas court and ultimately by the TCCA—explained that he did not seek the aforementioned jury instruction because it would not have been helpful considering Petitioner's admission at trial that he pistol-whipped one of the victims.  Instead, counsel chose to focus on "a strict self-defense approach" to the trial.  (ECF No. 9-54 at 36).  Petitioner has not shown that counsel's assessment was incorrect, much less demonstrated that state court's ruling on trial counsel's strategy "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Richter*, 562 U.S. at 103.  Consequently, viewing the allegation under the "doubly" deferential review encompassed by *Strickland* and the AEDPA, Petitioner's claim cannot survive.  *Id*. at 105.

## IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been

resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In other words, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V.  Conclusion and Order

After careful consideration, the Court concludes that Petitioner's Claim 2 is unexhausted and procedurally barred from federal habeas review. Concerning the remainder of Petitioner's allegations, Petitioner has failed to establish that the state court's rejection of the allegations on the merits during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state trial, appellate, and habeas corpus proceedings. As a result, Petitioner's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and Petitioner Serge Hiden's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this May 10, 2023.


_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

18